UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                      |     |                              |
|--------------------------------------|-----|------------------------------|
| JOYCE SHELTON,                       | )   |                              |
|                                      | )   |                              |
|     Plaintiff,   | )   |                              |
|                                      | )   |                              |
|     v.           | )   | Civil Action No. 04-1292 (RBW) |
|                                      | )   |                              |
| GORDON R. ENGLAND,                   | )   |                              |
| Secretary of the Navy,               | )   |                              |
|                                      | )   |                              |
|     Defendant.   | )   |                              |

**MEMORANDUM OPINION**

The plaintiff has brought this action alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Complaint ("Compl.") ¶¶ 26-30. The defendant seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Currently before the Court is the Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Def.'s Mem."); the Plaintiff's Memorandum of Points and Authorities in Support of Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"); and the Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Def.'s Reply"). For the reasons set forth below, this Court grants in part and denies in part the defendant's dismissal motion.

**I.    Background**

In 1992, the plaintiff, an African American woman, began her career as a Budget Analyst

at the Department of the Navy's ("Navy") Naval Sea Systems Command facility in Washington, D.C.  Compl. ¶ 5.  In this position, and during the times relevant to this case, the plaintiff was supervised by Ms. Chaikowski.[1]  Id. ¶ 7.

In November 1998, one of the plaintiff's coworkers, Carolyn Bolling, filed an Equal Employment Opportunity ("EEO") complaint against her supervisor, Chaikowski, alleging sexual harassment.  Id. ¶ 8.  According to the plaintiff, following the filing of the EEO complaint and Bolling's subsequent interview by the EEO officer investigating the complaint, Chaikowski "became hostile and aggressive" towards Bolling.  Id. ¶¶ 8-9.  In January 1999, the plaintiff was interviewed regarding Bolling's EEO complaint.  Id. ¶ 9.  Following the plaintiff's interview, Chaikowski allegedly observed the plaintiff talking with Bolling, which led Chaikowski to "angrily shout[]" for the plaintiff to come into her office.  Id. ¶ 10.  Once in Chaikowski's office, Chaikowski, in a "very angry and loud voice," ordered the plaintiff to avoid any interaction with Bolling because of the pending EEO complaint.  Id. ¶¶ 10-11.

In February 1999, the plaintiff received her evaluation under the Performance Appraisal Review System ("PARS").  Id. ¶ 14; Pl.'s Mem. at 2.  The PARS evaluation is "based upon a five-level summary rating system."  Pl.'s Mem, Ex. 1 at 9.  Under this system, a rating of "Level 1" is the lowest possible rating, while a rating of "Level 5" is the highest.  Id.  The plaintiff had received a rating of "Level 5" for the 1997-1998 rating period.  Id. ¶ 14.  In her February 1999 evaluation, however, the plaintiff received an overall rating of "Level 4," despite the fact that her work performance during the evaluation period was allegedly consistent with her work performance during the earlier evaluation period.  Compl. ¶ 14.  The plaintiff posits that this

---

[1] No where in the record is Ms. Chaikowski's first name indicated.

reduced rating was in retaliation for the plaintiff's apparent support of Bolling's EEO complaint. Id. ¶ 2.  To further support this conclusion, the plaintiff notes that Bolling's February 1999 evaluation was also lowered one level from her earlier evaluation—from a Level 4 to a Level 3— despite a purported consistent work performance for both periods.  Id. ¶ 13.  Moreover, the plaintiff directs the Court to a similarly situated coworker, Betty Scoggins, a Caucasian woman, who was also interviewed by the EEO investigator.  Id. ¶¶ 15-16.  According to the plaintiff, Scoggins's rating on her February 1999 evaluation was a Level 4, an increase from the Level 3 rating she had received the year before.  Id. ¶ 17.

## II.  Standards of Review

Under Federal Rule of Civil Procedure 12(b)(5), a Court may dismiss a complaint for ineffective service of process if the plaintiff fails to establish that she properly effectuated service pursuant to Rule (4).  Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987).  Rule 4(i) governs service of process against the United States, its agencies, corporations, officers and employees. Under Rule 4(i)(1), a plaintiff has properly effectuated service on the United States by delivering a copy of the summons and the complaint to (1) the United States attorney for the district in which the action is brought and (2) the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(1)(A)-(B).  In addition, a plaintiff bringing an action against an officer or employee of the United States in an official capacity must also send "a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation."  Fed. R. Civ. P. 4(i)(2)(A).  "[I]t is commonly understood that the rule requires both the agency be served under Rule 4(i)(2)(A) and the United States be served under Rule 4(i)(1)."  Shore v. Henderson, 168 F. Supp. 2d 428, 430 (D.D.C. 2001) (citations omitted).  Rule 4(m) mandates that services of the

summons and complaint be effectuated within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). If a Court determines that this time limit has not been satisfied it "shall dismiss the action without prejudice." Id. However, if good cause is shown, a Court shall extend the time for service. Id.

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. Kowal, 16 F.3d at 1276. In deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, and matters about which the Court may take judicial notice. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997). A court may dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

### III. Legal Analysis

The defendant contends that this action should be dismissed (1) under Rule 12(b)(5) because the plaintiff failed to properly serve the Secretary of the Navy within the 120-day time limit prescribed by Rule 4(m) and (2) under Rule 12(b)(6) because the plaintiff has failed to state

a claim upon which relief can be granted. Def.s' Mot. at 1. The Court will address each argument separately.

**(A)     Dismissal Under Rule 12(b)(5)**

The defendant first seeks dismissal under Rule 12(b)(5) because the plaintiff has failed to serve the Secretary of the Navy pursuant to Rule 4(i)(2)(A) within the 120 day period prescribed by Rule 4(m). Def.'s Mem. at 4. Under Rule 4(i)(3)(A), a "court shall allow a reasonable time to serve process under Rule 4(i) for the purposes of curing the failure to serve . . . all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney, or the Attorney General of the United States." Fed. R. Civ. P. 4(i)(3)(A). Here, the parties do not dispute that the United States Attorney and the Attorney General of the Untied States were served, thus, the only question remaining is whether there has been compliance with Rule 4(i)(2)(A). See Pl.'s Reply at 3. However, even assuming that the plaintiff failed to comply with Rule 4(i)(2)(A), Rule 4(i)(3)(A) mandates that this Court provide a reasonable time for a plaintiff to cure such a defect. The defect here is that the Secretary of the Navy was not served within the 120-day time limit. Def.'s Mem. at 4-5. However, the defendant concedes that the Secretary of the Navy has now been served. Def.'s Reply at 3 n.1. Accordingly, the Court must deny the defendant's motion to dismiss pursuant to Rule 12(b)(5) because this Court finds that service was effectuated within a reasonable time following notice of the Rule 4(i)(3)(A) defect. See Boucher v. Potter, 2005 WL 1183148 (S.D. Ind. May 18, 2005).

**(B)     Dismissal Under Rule 12(b)(6)**

The defendant seeks dismissal under Rule 12(b)(6) because he asserts that the plaintiff cannot establish a prima facie case of discrimination or retaliation under Title VII. Def.'s Mem.

at 5. Specifically, the defendant opines that the February 1999 evaluation is not an adverse employment action, and thus the plaintiff has failed to establish a prima facie case of employment discrimination. Id. at 7.

To prove a claim of discrimination under Title VII, the plaintiff can present direct evidence of discrimination or in the absence of direct evidence, as is the situation here, the plaintiff can rely on the McDonnell Douglas burden shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). Under the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of discrimination. Id. at 802. A prima facie case of race or gender discrimination is established if the plaintiff demonstrates "that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999). On the other hand, a claim of retaliation requires the plaintiff to "show '(1) that she engaged in a statutorily protected activity; (2) that the employer took an adverse personnel action; and (3) that a causal connection existed between the two.'" Id. (quoting Mitchell v. Baldrige, 759 F.2d 80, 86 (D.C. Cir. 1985)). In both respects, these are not onerous burdens. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

The only question presented in this case with respect to both the discrimination and retaliation claims is whether the plaintiff suffered an adverse employment action. "An 'adverse employment action' within the meaning of McDonnell Douglass is 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.'" Taylor v. Small, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742

(1998)).  "To establish an adverse personnel action in the absence of diminution in pay or benefits, [a] plaintiff must show an action with 'materially adverse consequences affecting the terms, conditions, or privileges of employment.'"  Stewart v. Evans, 275 F.3d 1126, 1134 (D.C. Cir. 2002) (quoting Brody, 199 F.3d at 457).  Indeed, "[a]n 'employment decision does not rise to the level of an actionable adverse action . . . unless there is a tangible change in the duties or working conditions constituting a material employment disadvantage.'"  Id. (quoting Walker v. WMATA, 102 F. Supp. 2d 24, 29 (D.D.C. 2000)).  It is well-settled in this Circuit "that formal criticism or poor performance evaluations are not necessarily adverse actions."  Brody, 199 F.3d at 458; Broderick v. Donaldson, 338 F. Supp. 2d 30, 42 (D.D.C. 2004); Lester v. Natsios, 290 F. Supp. 2d 11, 28-29 (D.D.C. 2003).  The Court in Brody

> suggested that performance evaluations should not be considered adverse actions if they did not "affect [] the [employee's] grade or salary," and analogized performance evaluations to lateral transfers, which are not actionable injuries unless they "affec[t] the terms, conditions, or privileges of [an employee's] employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm."

Russell v. Principi, 257 F.3d 815, 818-19 (D.C. Cir. 2001) (quoting Brody, 199 F.3d at 457).  Thus, while the Circuit Court has found that a poor performance evaluation is not an adverse employment action, the denial of a bonus, or the award of a lower bonus resulting from the evaluation is an adverse employment action.  Russell, 257 F.3d at 819.

Here, the plaintiff's complaint contends that she was retaliated against when she received a Level 4 rating on her February 1999 evaluation, as opposed to a Level 5 rating.  Compl. ¶ 14.  Even assuming that the plaintiff's February 1999 performance evaluation, which was the second highest rating, can be characterized as "poor," the District of Columbia Circuit has clearly held

that a poor performance evaluation is not an adverse employment action. Brody, 199 F.3d at 458; see also Broderick, 338 F. Supp. 2d at 42; Lester, 290 F. Supp. 2d at 28-29. And the plaintiff has not alleged that the February 1999 evaluation had any impact on her employment, her grade, or her salary. In fact, the plaintiff has made no showing that she sustained any objective tangible harm as a result of the 1999 evaluation.[2]

In the alternative, the plaintiff posits that she has established an adverse employment action by demonstrating that she has been subjected to a hostile work environment. This argument, however, is without any legal or factual support. It is axiomatic that to establish a hostile work environment claim, the plaintiff must demonstrate that the workplace was in fact "hostile." Stewart, 275 F.3d at 1133. Under Title VII, an environment "becomes hostile . . . only when [the] offensive conduct 'permeate[s] [the workplace] with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment'" and create an abusive working environment. Id. (citing Barbour v. Browning, 181 F.3d 1342, 1347-48 (D.C. Cir. 1999) (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998)); see also Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). When determining whether the alleged harassment rises to this level, courts must consider the totality-of-the-circumstances, including: (1) the frequency of the harassing conduct; (2) its severity; (3)

---

[2] The plaintiff attempts to argue that she has suffered tangible harm because "she was denied the opportunity for future promotions because of [this performance evaluation.]" Pl.'s Opp'n at 6-7. This argument is completely without merit. In her complaint, the plaintiff merely asserts, in a conclusory fashion, that the defendant's actions have "prevented [her] from receiving additional benefits of her employment, including promotional opportunities to other professional positions, additional professional training and experience, and increased financial pay and benefits." Compl. ¶ 27. This Court, however, may not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint or otherwise offered by the plaintiff. Kowal, 16 F.3d at 1276. There has simply been no factual support presented by the plaintiff for this argument as set forth in the complaint. In fact, contrary to the plaintiff's assertions, the defendant notes, and the plaintiff does not represent otherwise, that she has in fact received both a promotion and a raise since her February 1999 evaluation. Def.'s Mem. at 8.

whether it is physically threatening or humiliating; and (4) whether it unreasonably interferes with an employee's work performance. Harris, 510 U.S. at 23. This demanding test serves to "filter out complaints attacking 'the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.'" Faragher, 524 U.S. at 788 (citation omitted).

Here, there is simply no support for a claim that the plaintiff was subjected to a hostile work environment. The only facts alleged in her complaint are that on one occasion her supervisor "began to holler and shout at [her] in a very angry and loud voice," "barred [her] from interacting or conversing" with a coworker (Ms. Bolling), and "angrily point[ed ]or nod[ded] her head" at the plaintiff whenever the plaintiff interacted with Ms. Bolling. Compl. ¶¶ 10-12. These allegations are insufficient to demonstrate a hostile work environment for several reasons. First, the alleged harassing conduct was infrequent, only occurring on several occasions, and there is no evidence that it interfered with the plaintiff's ability to perform her job.[3] See Baloch v. Norton, 355 F. Supp. 2d 246, 260 (D.D.C. 2005) ("isolated incidents of what one might call a 'nasty' supervisor and a claim of a hostile work environment where almost one-third of the alleged time-span of that hostile environment lacks actionable activity" is insufficient to support a Title VII claim); Burton v. Batista, 339 F. Supp. 2d 97, 108 (D.D.C. 2004) (finding that three allegedly hostile encounters was insufficient to demonstrate a hostile work environment). In addition, the allegations in the complaint are simply not sufficiently sever to constitute a hostile

---

[3] The plaintiff states in her opposition that the defendant's harassing conduct included "shuffling of [the] plaintiff's location at work in order to impede her work performance." Pl.'s Opp'n at 6. However, the plaintiff made no factual allegations in her complaint even remotely similar to this unsupported representation in her opposition, and thus it has no bearing on whether the plaintiff has established a prima facie case of her Title VII hostile work environment position.

environment.  See, e.g., Colbert v. Chao, 2001 WL 710114, at *11 (D.D.C. June 19, 2001) (concluding that the plaintiff's allegations that her current supervisor had become "openly hostile towards her by banging his fists and shouting at her on several occasions" did not demonstrate an adverse action); Russ v. Van Scoyoc Assocs., Inc., 122 F. Supp. 2d 29, 32 (D.D.C. 2000) (holding that "it is clear that merely being yelled at by your supervisor does not rise to the level of an adverse employment action").  Thus, it is clear that there is no factual support for the position that the plaintiff suffered an adverse employment action based upon being subjected to a hostile work environment.

In the final analysis, construing the facts in the complaint in the light most favorable to the plaintiff, as this Court is required to do, it is clear that the plaintiff, has presented no facts that establish a prima facie case of employment discrimination because she has not demonstrated an adverse employment action.  Accordingly, this case cannot survive the defendant's dismissal motion.

### IV.   Conclusion

For the aforementioned reasons, this Court will not dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to properly effectuate service of process. However, this action must nonetheless be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the plaintiff has failed to establish a prima facie case of either employment discrimination or retaliation.  Accordingly, the defendant's motion to dismiss is granted.

**SO ORDERED** this day of 3rd day of August, 2005.[4]

REGGIE B. WALTON
United States District Judge

---

[4] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.